UNITED STATES of America, Plaintiff–Appellee,

v.

**Wayne Alan DRIZIN, Defendant–Appellant.**

No. 05–10820.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2007.

Filed June 25, 2007.

John Joseph Tuchi, Howard D. Sukenic, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Wayne Alan Drizin, Las Vegas, NV, pro se.

Glen T. Jonas, Esq., Jonas & Driscoll L.L.P., Los Angeles, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, CANBY and FERNANDEZ, Circuit Judges.

MEMORANDUM [*]

Appellant Wayne Allen Drizin appeals his conviction of two counts of wire fraud

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pursuant to 18 U.S.C. § 1343. At trial, Drizin asked for, and received, a jury instruction that securities fraud is a lesser-included offense of wire fraud. The government originally objected to this instruction, but eventually withdrew its objection.

Although Drizin was charged with six counts of wire fraud, the district court instructed the jury on only one count of securities fraud. Drizin now contends that the district court did not give the instruction correctly. He claims the court should have instructed the jury on six counts of securities fraud, one for each count of wire fraud.

Securities fraud is not a lesser-included offense of wire fraud. *See Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). Not only should Drizin not have received the instruction on one count of securities fraud, he did not timely object at trial to the manner in which it was given. Having requested an erroneous instruction and having received it, Drizin is not in a position on appeal to claim that the instruction should have been given further in his favor.

Drizin also claims the district court erred in instructing the jury that it could consider the lesser-included offense of securities fraud only if it unanimously acquitted on all six wire fraud charges. Drizin again failed to make a timely objection, and the district court's instruction was not plain error. *United States v. Jackson,* 726 F.2d 1466, 1469–70 (9th Cir.1984).

Drizin finally contends that his counsel was ineffective in light of these and other alleged instances of deficient representation. We have repeatedly held that claims of ineffective assistance of counsel should be dealt with through collateral proceedings and not on direct appeal. *See, e.g.,*

* The Honorable Eugene E. Siler, Jr., Senior

*United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000).

AFFIRMED.

